UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

UNITED STATES OF AMERICA

    -v.-

ABRAHIM KASSIM,

           Defendant.

------------------------------------------------------------- X

**SEALED INDICTMENT**

23 Cr.

**CRIM 527**

**COUNT ONE**
**(Conspiracy)**

The Grand Jury charges:

The Supplemental Nutrition Assistance Program

1. The Food Stamp Act of 1977, as amended, 7 U.S.C. §§ 2011 *et seq.*, established the Food Stamp Program, now known as the Supplemental Nutrition Assistance Program ("SNAP"). The program is overseen by the United States Department of Agriculture ("USDA") Food and Nutrition Service.

2. Recipients of SNAP assistance redeem their SNAP benefits ("SNAP Benefits") by using an Electronic Benefit Transfer ("EBT") card to purchase eligible food items at authorized retailers. The transfer of SNAP Benefits is initiated when the recipient's card is swiped through an EBT terminal at an authorized retailer. The recipient is then prompted to enter a personal identification number ("PIN") to access his or her SNAP account. The SNAP system then verifies the PIN and either authorizes or denies the transaction, depending on the balance in the recipient's

account. If the transaction is approved, the recipient's account is debited for the amount of the purchase, and a bank account that the retailer has designated is credited for that amount.

3. Under Chapter 51, Title 7 of the United States Code, and regulations issued thereunder, SNAP Benefits may be exchanged only for certain eligible food products. According to USDA regulations, items such as cigarettes, hot foods for immediate consumption, and controlled substances are ineligible for purchase with SNAP Benefits. In addition, SNAP Benefits may not be exchanged for cash.

### Overview of the Scheme

4. ABRAHIM KASSIM, the defendant, participated in a scheme at Yalla Deli Grocery Corp. ("the Deli") to accept SNAP Benefits from customers in exchange for cash and ineligible items. As part of this scheme, Deli employees debited customer EBT cards for amounts that supposedly represented the price of purchased food. These purported food purchases, however, actually involved the exchange of SNAP Benefits for cash and ineligible items. The Deli debited the customers' EBT cards, at times for amounts that substantially exceeded the value of cash and other items that the customers were given.

5. ABRAHIM KASSIM, the defendant, owned the Deli, controlled the Deli, instructed the Deli's employees to exchange SNAP Benefits for cash and ineligible items, and controlled the proceeds of the scheme when the fraudulently obtained SNAP Benefits were deposited into the Deli's bank account.

### Investigation of the Deli

6. The Deli is located in the vicinity of 174th Street in the Bronx, New York.

7. Analysis of SNAP transactions at the Deli reveals that, between January 2019 and November 2022, the Deli redeemed over $3.5 million in SNAP Benefits, with more than $1.5

million redeemed in transactions over $50. The total value of SNAP Benefits processed by the Deli over that time period was over ten times higher than that of comparable stores in the Bronx. Over the same time period, the average per-transaction value of SNAP Benefits redeemed at the Deli, which was $18.55, was nearly double the average per-transaction value redeemed at comparable stores in the Bronx, which was approximately $10.63.

8. On multiple occasions beginning in or about July 2021, a confidential source (the "CS"), posing as a customer of the Deli, engaged in transactions at the Deli, wearing concealed audio and video recording equipment, in which the CS redeemed SNAP Benefits, using an EBT card, for cash and ineligible items. These transactions included the following:

 a. On or about August 4, 2021, a cashier at the Deli provided the CS with cash and cigarettes in exchange for SNAP Benefits, namely, the cashier charged the CS' EBT card $101.99 in exchange for providing the CS with a pack of cigarettes and $60 cash;

 b. On or about February 22, 2022, a cashier at the Deli provided the CS with cash and cigarettes in exchange for SNAP Benefits, namely, the cashier charged the CS' EBT card $98.85 in exchange for providing the CS with a pack of cigarettes and $50 cash;

 c. On or about March 29, 2022, a cashier at the Deli provided the CS with cash in exchange for SNAP Benefits, namely, the cashier charged the CS' EBT card $85.98 in exchange for providing the CS with $50 cash;

 d. On or about April 28, 2022, a cashier at the Deli provided the CS with cash in exchange for SNAP Benefits, namely, the cashier charged the CS' EBT card $53.98 in exchange for providing the CS with $30 cash;

 e. On or about August 3, 2022, a cashier at the Deli provided the CS with cash in exchange for SNAP Benefits, namely, the cashier charged the CS' EBT card $93.98 in exchange

for providing the CS with a cup of tea and $50 cash.

### KASSIM's Participation in the SNAP Benefits Fraud Scheme

9. ABRAHIM KASSIM, the defendant, instructed employees at the Deli to exchange SNAP Benefits for cash and other ineligible items, including cigarettes. KASSIM further instructed employees at the Deli to charge an additional fee for exchanging SNAP Benefits for cash, such that the amount charged on a customer's EBT card exceeded the amount of cash given to the customer.

10. Since at least in or about January 2019, SNAP Benefit proceeds for the Deli have been transferred by a third-party payment processor into a bank account held in the name of the Deli (the "Bank Account"). ABRAHIM KASSIM, the defendant, was one of two authorized signatories on the Bank Account. The other authorized signatory ("Signatory-2") has never made any known withdrawals from the account. In or about 2017, KASSIM transferred ownership of the Deli to Signatory-2 in an effort to conceal KASSIM's true ownership and operation of the Deli. In or about January 2023, law enforcement agents interviewed a relative of Signatory-2. That individual confirmed that Signatory-2 has never owned or operated the Deli and that Signatory-2 is a homeless individual who had been hospitalized with a severe medical condition for the past few months.

11. From in or about January 2019 through in or about November 2022, at least approximately $3.5 million in SNAP Benefit proceeds have been deposited into the Bank Account. During the same time period, AHRAHIM KASSIM, the defendant, made regular large-dollar cash withdrawals from the Bank Account.

### Statutory Allegations

12. From at least in or about January 2019 up to and including in or about November

4

2022, in the Southern District of New York and elsewhere, ABRAHIM KASSIM, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, theft of government funds, in violation of Title 18, United States Code, Section 641, and misappropriation of United States Department of Agriculture ("USDA") benefits, in violation of Title 7, United States Code, Section 2024.

13. It was a part and an object of the conspiracy that ABRAHIM KASSIM, the defendant, and others known and unknown, knowingly would and did embezzle, steal, purloin, and knowingly convert to their own use and the use of another, and, without authority, sell, convey, and dispose of records, vouchers, money, and things of value of the United States and of a department and agency thereof, to wit, the USDA, the value of which exceeded the sum of $1,000, in violation of Title 18, United States Code, Section 641.

14. It was further a part and an object of the conspiracy that ABRAHIM KASSIM, the defendant, and others known and unknown, knowingly would and did use, transfer, acquire, alter, and possess benefits in a manner contrary to Chapter 51 of Title 7 of the United States Code, and the regulations issued pursuant thereto, which exceeded the sum of $5,000, in violation of Title 7, United States Code, Section 2024.

Overt Acts

15. In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

  a. On or about August 4, 2021, a co-conspirator, in his capacity as a cashier at the Deli, exchanged SNAP Benefits for cash and cigarettes at the request of the CS, who posed as

a customer of the Deli.

    b.  On or about February 22, 2022, a co-conspirator, in his capacity as a cashier at the Deli, exchanged SNAP Benefits for cash and cigarettes at the request of the CS, who posed as a customer of the Deli.

    c.  On or about March 29, 2022, a co-conspirator, in his capacity as a cashier at the Deli, exchanged SNAP Benefits for cash at the request of the CS, who posed as a customer of the Deli.

    d.  On or about April 28, 2022, a co-conspirator, in his capacity as a cashier at the Deli, exchanged SNAP Benefits for cash at the request of the CS, who posed as a customer of the Deli.

    e.  On or about August 3, 2022, a co-conspirator, in his capacity as a cashier at the Deli, exchanged SNAP Benefits for cash at the request of the CS, who posed as a customer of the Deli.

(Title 18, United States Code, Section 371.)

<b><u>COUNT TWO</u></b><br><b>(Theft of Government Funds)</b>

The Grand Jury further charges:

16.  The allegations contained in paragraphs 1 through 10 are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

17.  From at least in or about January 2019 up to and including in or about November 2022, in the Southern District of New York and elsewhere, ABRAHIM KASSIM, the defendant, knowingly embezzled, stole, purloined, and converted to his own use and the use of another, and, without authority sold, conveyed, and disposed of a record, voucher, money, and thing of value of the United States and of a department and agency thereof, to wit, the USDA, the value of which

exceeded the sum of $1,000, and received, concealed, and retained the same with intent to convert it to his use and gain, knowing it to have been embezzled, stolen, purloined, and converted, to wit, KASSIM fraudulently redeemed SNAP Benefits that had not been used, as they were required to be used, to purchase food and other eligible items.

(Title 18, United States Code, Sections 641 and 2.)

## COUNT THREE
### (Misappropriation of USDA Benefits)

The Grand Jury further charges:

18. The allegations contained in paragraphs 1 through 10 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

19. From at least in or about January 2019 up to and including in or about November 2022, in the Southern District of New York and elsewhere, ABRAHIM KASSIM, the defendant, knowingly used, transferred, acquired, altered, and possessed benefits in a manner contrary to Chapter 51 of Title 7 of the United States Code, and the regulations issued pursuant thereto, which exceeded the sum of $5,000, to wit, KASSIM fraudulently redeemed SNAP Benefits used to purchase cash, cigarettes, and other ineligible items.

(Title 7, United States Code, Section 2024(b); Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION

20. As a result of committing the offenses alleged in Counts One and Two of this Indictment, ABRAHIM KASSIM, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

21.     As a result of committing the offenses alleged in Counts One and Three of this Indictment, ABRAHIM KASSIM, the defendant, shall forfeit to the United States, pursuant to Title 7, United States Code, Section 2024(f), Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, used in a transaction or attempted transaction to commit, or to facilitate the commission of, a violation, or that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

## Substitute Assets Provision

22.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

- a. cannot be located upon the exercise of due diligence;
- b. has been transferred or sold to, or deposited with, a third person;
- c. has been placed beyond the jurisdiction of the Court;
- d. has been substantially diminished in value; or
- e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

> (Title 7, United States Code, Section 2024;
> Title 18, United States Code, Section 981;
> Title 21, United States Code, Section 853(p); and
> Title 28, United States Code, Section 2461.)

_____  10/13/2023
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney