UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        v.<br><br>ABRAHIM KASSIM,<br>                    Defendant. | No. 23-cr-00527 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  On April 16, 2025, Defendant Abrahim Kassim filed a letter with this Court requesting a four-month postponement of his May 7, 2025 voluntary surrender date because he is scheduled for lumbar spine surgery in three business days, on April 21, 2025. Dkt. 43. The Government objects to this request. *Id.* For the following reasons, Defendant's request is DENIED.

  On May 16, 2024, Defendant pleaded guilty to conspiracy to engage in theft of government funds in violation of 18 U.S.C. § 371. Dkt. 21 ("Plea Tr.") at 26; *see* Dkt. 1 ("Indictment") at 1-5. The Court scheduled Defendant's sentencing for September 5, 2024. Plea Tr. at 27. On August 26, 2024, just a few days before the sentencing hearing, Defendant requested an adjournment of the sentencing hearing to December 18, 2024, because he was scheduled for lumbar spine surgery on November 7, 2024. Dkt. 25. The Court granted Defendant's request and adjourned Defendant's sentencing hearing to December 18, 2024. Dkt. 26. On December 3, 2024, Defendant requested another adjournment of the sentencing hearing. Dkt. 29. The Court granted the adjournment, and sentencing was scheduled for January 6, 2025. Dkt. 30.

  On January 6, 2025, the Court entered judgment against Defendant pursuant to his plea of guilty and imposed the sentence of incarceration of one year and a day as well as two years

of supervised release. Dkt. 35 at 2-3; Dkt. 39 at 32. Instead of remanding Defendant immediately, the Court granted Defendant's request for voluntary surrender. Dkt. 39 at 36-37. The Court noted that a voluntary surrender date of forty-five days from sentencing was the norm, but Defendant requested ninety days in order to accommodate Defendant's observance of Ramadan. *Id.* at 37. The Court granted the request for a lengthier surrender date and ordered voluntary surrender on April 7, 2025. *Id.* At no time was the Court ever informed of an impending or considered surgery, nor any medical condition that would require immediate surgery.

On March 5, 2025, Defendant contacted the Court and requested a thirty-day adjournment of his voluntary surrender date to "make sure that the needs of his wife and children will be fulfilled while he serves his sentence." Dkt. 41. The Court again granted the adjournment and permitted Defendant to voluntarily surrender on May 7, 2025. Dkt. 42. Again, no mention was made by Defendant of any anticipated surgery, nor any medical condition that may require immediate surgery.

Now, only three weeks before he is to surrender, Defendant for the first time informed the Court that he is scheduled for lumbar spine surgery in three business days, on April 21, 2025. Dkt. 43. Therefore, he requests a four-month extension of his surrender date, because he will need four months of postoperative treatment. *Id.* The Government objects. *Id.*

The Court will not grant the extension of the voluntary surrender date. The Court has made every effort to accommodate Defendant in scheduling his sentencing hearing and surrender date, including adjourning the sentencing hearing for four months while Defendant allegedly had spine surgery on November 7, 2024. While the medical records state that the present surgery is medically necessary and that Defendant should be "out of work" for four months post-surgery, *see* Dkt. 43-1, there is nothing in the medical records submitted that

2

states that the surgery to address Defendant's longstanding back pain issues must be done at this time, *see* Dkts. 43-1 to -4.  The lack of any mention of an upcoming or necessary surgery during the extended sentencing and voluntary surrender scheduling process with the Court further undermines the exigency of the present request.  Finally, there is also no indication that the Bureau of Prisons will not be able to address Defendant's medical needs, including back pain issues, required medications or treatments, and follow up care.

      Defendant's request to adjourn his voluntary surrender date of May 7, 2025, at Dkt. 43 is DENIED.

Dated: April 17, 2025
       New York, New York

                                        SO ORDERED.

                                        JENNIFER L. ROCHON
                                        United States District Judge